UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW BAUER,

    Plaintiff,

v.                                             CAUSE NO. 3:24-CV-888 DRL-SJF

RYAN DOPERALSKI *et al.*,

    Defendants.

## OPINION AND ORDER

On November 5, 2022, a woman called 911 to report someone trying to get into her home. Officer Ryan Doperalski responded; when he arrived on scene, he met Matthew Bauer. Mr. Bauer informed Officer Doperalski that he was both George Washington and Jesus and had arrived at the home in a time machine. Officer Doperalski transported Mr. Bauer to Northwest Health LaPorte for immediate detention. Mr. Bauer then filed this lawsuit, claiming that Officer Doperalski violated his Fourth and Fourteenth Amendment rights by detaining him against his will. Officer Doperalski requests summary judgment, and the court grants the motion.

## BACKGROUND

On November 5, 2022, someone called 911 to report someone trying to break into her home [28-1 ¶ 1]. Officer Doperalski, a LaPorte County Deputy Sheriff, responded to the call [*id.* ¶ 2-3]. At the home, Officer Doperalski met Mr. Bauer, who identified himself as George Washington [*id.* ¶ 4-5]. Officer Doperalski spoke to the witnesses; when he returned, Mr. Bauer identified himself as Jesus and said that the Bible had been written about him [*id.* ¶ 6]. He added that he had died a long time ago and been transported to the address by a time machine [*id.*].

Based on Mr. Bauer's responses and behavior, Officer Doperalski believed that he posed a danger to himself and others and transported him for immediate detention at Northwest Health LaPorte in accordance with Indiana Code § 12-26-4-1 [*id.* ¶ 7]. Mr. Bauer filed this lawsuit, and Officer Doperalski moved for summary judgment, citing qualified immunity. Mr. Bauer did not initially respond, and the court warned him of his opportunity to respond and that he would be expected to comply with the court's rules and orders. Mr. Bauer filed a brief response objecting to Officer Doperalski's motion, but he didn't provide any evidence or make any legal arguments.

## STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020). The court must construe all facts in the light most favorable to the non-moving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp./Nichols-Homeshield*, 200 F.3d 485, 491-92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll. v. Valparaiso Cmty. Schs.*, 953 F.3d 923, 924-25 (7th Cir. 2020).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Nor is the court "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material

dispute of fact that requires a trial." *Waldridge*, 24 F.3d at 920. The court must grant summary judgment when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dept. of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011).

## DISCUSSION

Mr. Bauer claims that Officer Doperalski violated his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizures. The Fourth Amendment to the United States Constitution establishes the people's right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *see Caniglia v. Strom*, 593 U.S. 194, 197-98 (2021); *United States v. Plancarte*, 105 F.4th 996, 999 (7th Cir. 2024). This applies to the States via the Fourteenth Amendment. *See Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992). By its plain language, the Fourth Amendment's touchstone is reasonableness. *Heien v. North Carolina*, 574 U.S. 54, 60 (2014).

Seizures "made to effectuate an involuntary mental health commitment are analyzed under the Fourth Amendment's probable cause standard." *Fitzgerald v. Santoro*, 707 F.3d 725, 732 (7th Cir. 2013). Probable cause exists if "there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard." *Id.* It is an objective inquiry; the court asks whether an officer had "objectively reasonable grounds" for believing that an individual needed immediate commitment. *Id.* Courts use state statutes for the applicable standard for mental health detentions. *Mucha v. Jackson*, 786 F.3d 1064, 1066 (7th Cir. 2015).

Officer Doperalski detained Mr. Bauer pursuant to Indiana Code § 12-26-4-1. This statute provides that a "law enforcement officer, having reasonable grounds to believe that an individual has a mental illness, is either dangerous or gravely disabled, and is in immediate need of

3

hospitalization and treatment, may do the following: (1) [a]pprehend and transport the individual to the nearest appropriate facility . . . [or] (2) [c]harge the individual with an offense if applicable." Ind. Code § 12-26-4-1.

Officer Doperalski argues that he is entitled to qualified immunity. The defense of qualified immunity "shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Marshall v. Allen*, 984 F.2d 787, 791 (7th Cir. 1993) (quotations omitted). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). If no constitutional right was violated, there is no need for further inquiry. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). An officer complying with all of a state's "facially valid statutory requirements" who draws a reasonable conclusion is entitled to qualified immunity. *Sherman v. Four Cnty. Counseling Ctr.*, 987 F.2d 397, 402 (7th Cir. 1992).

Officer Doperalski argues that Mr. Bauer's declarations that he was George Washington and Jesus, his related behavior, and his claims that he had arrived in a time machine made him believe that Mr. Bauer was a danger to himself or others. Officer Doperalski accordingly believed Indiana Code § 12-26-4-1 applied and he could apprehend Mr. Bauer and take him to the nearest appropriate facility. Mr. Bauer doesn't deny that he was behaving erratically, that he was trying to break into the home, or that he identified himself as George Washington and Jesus. These behaviors provided "reasonable grounds" for Officer Doperalski to detain Mr. Bauer based on the belief he was suffering from a mental illness. Any reasonable person would likely have drawn a similar conclusion, particularly after being called because Mr. Bauer was trying to break into a

woman's home. Officer Doperalski didn't violate Mr. Bauer's clearly established rights by complying with Indiana law. Qualified immunity shields Officer Doperalski's actions.

## CONCLUSION

Construing all facts and reasonable inferences in favor of Mr. Bauer, the court GRANTS Officer Doperalski's summary judgment motion [26]. This order terminates the case.

SO ORDERED.

May 16, 2025                                            *s/ Damon R. Leichty*
                                                        Judge, United States District Court